UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL POLING,

        Plaintiff,                          Case No. 3:18-cv-325

vs.

COMMISSIONER OF SOCIAL SECURITY,     District Judge Walter H. Rice
                                          Magistrate Judge Michael J. Newman

        Defendant.

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) THIS CASE BE CLOSED**

_____

      This is a Social Security Disability Benefits Appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), the administrative record (doc. 7),[3] and the record as a whole.

**I.**

**A.    Procedural History**

      Plaintiff filed for DIB alleging a disability onset date of December 21, 2012. PageID 53. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, lumbar

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

degenerative disc disease, chronic low back pain, a depressive disorder, and an anxiety disorder. PageID 57.

After an initial denial of his application, Plaintiff received a hearing before ALJ Deborah F. Sanders on August 10, 2017. PageID 85-125. The ALJ issued a written decision on January 31, 2018 finding Plaintiff not disabled. PageID 53-67. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 61-67.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 39-41. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 57-65), Plaintiff's Statement of Errors (doc. 9) and the Commissioner's memorandum in opposition (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.  Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.    Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in: (1) evaluating the opinions of his treating physician; and (2) evaluating the opinions of the state agency's examining physician. Doc. 9 at PageID 1396-407. As explained more fully herein, the undersigned agrees with Plaintiff's assignments of error and remands his claim for further proceedings on those bases.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other

substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, the record contains opinions written by a variety of medical sources. Tynese Anderson, M.D, Plaintiff's treating primary care physician, wrote two narrative opinions. First, in April 2016, Dr. Anderson opined that Plaintiff's "current back pain limits him from doing the physical labor he

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

was formerly able to do. He may have tremendous difficulty with any desk job, since prolonged sitting worsens his back pain." PageID 1271. Subsequently, in August 2017, Dr. Anderson concluded that "the continuation of significant symptoms and diagnostic and clinical findings have justified diagnoses of Post-Laminectomy Syndrome and Chronic Pain Syndrome" and that Plaintiff "has been unable to perform substantial gainful activity primarily as a result of a profound lumbar impairment." PageID 1391.

The ALJ correctly noted that Dr. Anderson's latter opinion -- that Plaintiff is unable to work -- is an issue reserved for the Commissioner and is not entitled to controlling weight. PageID 64; *Dutkiewicz v. Comm'r of Soc. Sec.*, 663 Fed. Appx. 430, 432 (6th Cir. 2016) (citing 20 C.F.R. §§ 404.1527(d)(1), (3)). The ALJ is nevertheless required to consider and explain the consideration given to the treating source's opinion. *Id.* To that end, the ALJ afforded Dr. Anderson's opinion "some weight," discounting it because "her statements are too vague and unsupported by her examination findings and those of the other physicians who have treated [Plaintiff]. She has noted some nominal findings such as tenderness or limited range of motion…, but she has not referred [Plaintiff] for surgery or more aggressive treatment options." PageID 64-65 (internal citations omitted).

The undersigned first notes that the ALJ's discussion of Plaintiff's treatment record is undermined by a thorough reading of the evidence. Specifically, contrary to the ALJ's assertion, Plaintiff was referred for back surgery. *See* PageID 1102; 1108 (noting that Plaintiff "did not make appointment with back surgeon despite referral sent"). Additionally, while the ALJ pointed to Plaintiff's September MRI as evidence that he had "no impingement or compression noted," the ALJ failed to mention that the same MRI also demonstrated "postsurgical changes"; "right paracentral disc protrusion at L1-L2 resulting in minimal central spinal canal narrowing"; and "foraminal narrowing." PageID 1383. An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position." *Hawthorne v. Comm'r of Soc. Sec.,* No. 3:13–cv–179,

2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (*citing Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir.2000)). The ALJ's failure to do so is error.

Moreover, the undersigned notes that the ALJ failed to consider that Dr. Anderson's opinion is consistent with the opinion of the state agency's examining physician, Rohn Kennington, M.D. Dr. Kennington examined Plaintiff in March 2015 and noted that he had "an antalgic gait" and "diffuse tenderness palpation across the lumbosacral spine region." PageID 963. Based on his observations, Dr. Kennington opined that Plaintiff "would be incapable of any lifting, carrying, pushing or pulling"; and "sitting, standing, and walking would need to be limited to periods of time no more than 30 minutes at a time with adequate periods allowed for rest and change of position in light of his chronic low back and radicular issues." PageID 964. Thus, the only two physicians of record who actually examined or treated Plaintiff consistently concluded that he was disabled.

Finally, the undersigned notes that the ALJ's rigorous analysis of Dr. Anderson's treating opinions stands in stark contrast to the scrutiny she applied to the opinions of the state agency's record reviewing physician. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013) (holding that ALJs are prohibited from applying greater scrutiny to the opinions of treating physicians than non-treaters). Indeed, the ALJ offered only the critique that those opinions did not adequately account for Plaintiff's hearing loss. PageID 64. The ALJ's analysis did not, however, consider any of the enumerated factors listed in 20 C.F.R. § 404.1527. Such an omission contravenes the explicit instructions of the Commissioner's own regulations and rulings, which require the ALJ to weigh the opinions of non-treating physicians under the delineated factors, including supportability, consistency, and specialization. *See* 20 C.F.R. §§ 404.1527(d), (f); Social Security Ruling 96-6p, 1996 SSR LEXIS 3, at *5. This error alone merits reversal. *Capps v. Astrue*, No. 3:11-cv-182, 2012 U.S. Dist. LEXIS 58281, at *24-25, 2012 WL 1442145 (S.D. Ohio Apr. 26, 2012) (finding reversible error where the ALJ failed to mention the regulatory factors, including supportability, consistency, and specialization); *Broyles v. Astrue*, No. 3:11-cv-179, 2012 U.S. Dist. LEXIS 70150, at *22-23, 2012 WL 1854627 (S.D.

Ohio May 21, 2012) (same); *Heatherly v. Astrue*, No. 3:11-cv-438, 2012 U.S. Dist. LEXIS 162638, at *25-26, 2012 WL 5511222 (S.D. Ohio Nov. 14, 2012) (reversing where "[t]he ALJ's decision neither considers nor mentions the supportability or consistency of [the examining physician's] opinion and does not refer to any other factor, when discussing this physician's opinion"). In light of all the foregoing, the undersigned finds reversal warranted.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case be **CLOSED**.

Date:  11/6/2019                                    s/ Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).